# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| ANTHONY J. BURRIOLA,<br><br>    Plaintiff,<br><br>v.<br><br>NEVADA DEPARTMENT OF CORRECTIONS,<br><br>    Defendant. | 3:04-CV-346 JCM (RAM) |

## ORDER

Presently before the court is plaintiff, appearing *pro se*, Anthony J. Burriola's petition to reopen. (Doc. # 216). Plaintiff's former counsel, Cal. J. Potter, III, filed an opposition. (Doc. # 217). Defendants Nevada Department of Corrections *et al.* also filed an opposition. (Doc. # 219). Plaintiff has not replied.

Generally, the court would not consider documents filed directly by a party who is represented by counsel. *See Rosenblum v. Campbell*, 370 F. App'x 782, 783 (9th Cir. 2010) (unpublished) cert. denied, 131 S. Ct. 465, 178 L. Ed. 2d 296 (U.S. 2010). However, under the present circumstances, the court finds it appropriate to consider the instant motion.

**I.    Factual background**

This case was filed by prisoner plaintiff Burriola, appearing *pro se*, in 2004. Plaintiff's complaint was filed pursuant to 42 U.S.C. § 1983 alleging wrongdoing by Nevada Correctional facility staff violating plaintiff's civil rights. This included being denied shoulder surgery and treatment for the related pain, amongst other wrongdoing.

**James C. Mahan**
**U.S. District Judge**

1  In September 2009, Cal J. Potter, III, appeared as attorney of record for plaintiff. (Doc. # 169). On July 7, 2011, the parties submitted a stipulation and order for dismissal with prejudice. (Doc. # 208). On July 8, 2011, the court entered an order for dismissal with prejudice. (Doc. # 209). As part of the basis of the settlement between the parties, plaintiff was to receive surgery on his shoulder. (Doc. # 212, ¶ 14). However, it appears that plaintiff has since refused medical treatment. (*Id.*, ¶ 25, Ex. 18).

On November 5, 2012, plaintiff filed the instant motion. (Doc. # 210). On November 6, 2012, the court issued on order denying the emergency basis of plaintiff's request and ordered defendants to respond. (Doc. # 211).

**II.    Legal standard**

Plaintiff's *pro se* motion is far from a model of clarity; however, the court, in good faith, construes plaintiff's motion as a motion to reconsider pursuant to Fed. R. Civ. P. 59(e) and Fed. R. Civ. P. 60(b).[1]

Under Rule 59(e), "[a] motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment. *Id.* Ninth Circuit has held that a Rule 59(e) motion for reconsideration should not be granted "absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009) (quoting *389 Orange Street Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999)).

Motions for reconsideration "should not be granted, absent highly unusual circumstances." *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000). These circumstances are present where "the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *Id.*

. . .

---

[1] Plaintiff incorporates a previously filed motion (doc. # 210) that was withdrawn at plaintiff's request (doc. # 215).

**James C. Mahan**
**U.S. District Judge**

- 2 -

Under Rule 60(b), a court may relieve a party from a final judgment, order or proceeding only in the following circumstances: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud; (4) the judgment is void; (5) the judgment has been satisfied; or (6) any other reason justifying relief from the judgment. *Stewart v. Dupnik*, 243 F.3d 549, 549 (9th Cir. 2000). *See also De Saracho v. Custom Food Mach., Inc.*, 206 F.3d 874, 880 (9th Cir. 2000) (noting that the district court's denial of a Rule 60(b) motion is reviewed for an abuse of discretion).

Rule 60(c)(1) states "[a] motion under Rule 60(b) must be made within a reasonable time–and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding." *Id.*

### III. Discussion

Here, under both Rule 59(e) and Rule 60(b), plaintiff's motion is untimely. The order which plaintiff requests the court to reconsider was entered on July 8, 2011. Plaintiff sought reconsideration on April 25, 2013. This is over nine months after the deadline to seek such relief under Rule 60. *See* FED. R. CIV. P. 60(c)(1). Further, this is about 20 months after the deadline to seek such relief under Rule 59. *See* FED. R. CIV. P. 59(e). Thus, the court finds that denial of this motion as untimely appropriate.

However, even if the court were to consider the merits of the instant motion, plaintiff has not met his burden to prevail on a motion to reconsider. "To prevail, the moving party must prove by clear and convincing evidence that the verdict was obtained through fraud, misrepresentation, or other misconduct and the conduct complained of prevented the losing party from fully and fairly presenting the defense." *De Saracho v. Custom Food Mach., Inc.*, 206 F.3d 874, 880 (9th Cir. 2000) (citing *Lafarge Conseils et Etudes, S.A. v. Kaiser Cement & Gypsum Corp.*, 791 F.2d 1334, 1338 (9th Cir. 1986); *Jones v. Aero/Chem Corp.*, 921 F.2d 875, 878-79 (9th Cir. 1990)). Rule 60(b)(3) "is aimed at judgments which were unfairly obtained . . . ." *De Saracho*, 206 F.3d at 880.

While plaintiff argues that the judgment was unfairly obtained–that is dismissal of this case with prejudice was based on fraud–plaintiff has not satisfied his burden by clear and convincing evidence. The documents submitted by plaintiff to support this contention (*see* doc. # 210) have

**James C. Mahan**
**U.S. District Judge**

neither been authenticated nor referenced in the motion in manner that permits the court to determine for what purpose the documents have been submitted.

The court acknowledges that the instant motion is *pro se*, and is held to less stringent standards. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) ("A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.") (internal quotations and citations omitted). However, "judges are not like pigs, hunting for truffles buried in briefs." *Christian Legal Soc. Chapter of Univ. of California v. Wu*, 626 F.3d 483, 488 (9th Cir. 2010). Further, plaintiff still must comply with the rules of this court, the Federal Rules of Civil Procedure, and the Federal Rules of Evidence. *See Jacobsen v. Filler*, 790 F.2d 1362, 1364-65 (9th Cir. 1986) (holding that *pro se* parties are not excused from following the rules and orders of the court).

Thus, the court finds that plaintiff has failed to satisfy the requirements for this court to reconsider its final order.

**IV.   Conclusion**

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that plaintiff, appearing *pro se*, Anthony J. Burriola's petition to reopen (doc. # 216) be, and the same hereby is, DENIED.

The court will not entertain any further motions in this closed case.

DATED June 24, 2013.

_____
UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**

- 4 -